CHRISTIAN DOLAN

*v.*

MARY E. BROWN and WILLIAM DOLAN et al.

[Decided May 1st, 1913.]

1. After the devise to the widow during widowhood, with remainder to his heirs, the testator directed "that if at any time during the period my wife shall be entitled to the estate as hereinbefore given and devised the same shall be insufficient if used in accordance with said devise, to comfortably support and maintain my said wife and children, and a comfortable support and maintenance for them can better be provided by a sale of such real estate as I may leave, or a portion thereof, then and in that event, I hereby authorize and empower my said wife in conjunction—my other executor hereinafter named to sell and dispose of the same for the best price they can obtain and either invest the proceeds and appropriate the income thereof to the support and maintenance of my wife and family, or if necessary, the principal money derived from any such sale or sales may be judiciously and providently used and applied for the support and maintenance of my said wife and children." The proofs showing that the contingency had arisen for the exercise of the power, if it existed—*Held*, that the testator's widow, who was the survivor of his two executors, has not power of sale in view of the death of the other executor.

2. The power given by this will was a special power of sale given to the wife to be exercised by her in conjunction with the other executor and with no provision for its exercise by the wife alone.

3. Unless it can be exercised under the conditions given, the power of sale given to the wife cannot operate.

———

Heard on bill, answer, replication and proofs.

*Mr. Charlton A. Reed,* for the complainant.

*Mr. Willard Cutler,* for the defendant William Dolan.

EMERY, V. C.

The point reserved at the hearing in this case related to the power of the widow of the testator, who was the survivor of his

two executors, to sell in fee lands which had been devised to her during her widowhood. After the devise to the widow during widowhood, with remainder to his heirs, the testator directed

"that if at any time during the period my wife shall be entitled to the estate as hereinbefore given and devised the same shall be insufficient if used in accordance with said devise, to comfortably support and maintain my said wife and children, and a comfortable support and maintenance for them can better be provided by a sale of such real estate as I may leave, or a portion thereof, then and in that event, I hereby authorize and empower my said wife in conjunction—my other executor hereinafter named to sell and dispose of the same for the best price they can obtain and either invest the proceeds and appropriate the income thereof to the support and maintenance of my wife and family, or if necessary, the principal money derived from any such sale or sales may be judiciously and providently used and applied for the support and maintenance of· my said wife and children."

At the hearing I concluded that the proofs showed that the contingency had arisen for the exercise of the power, if it existed, but that in view of the death of the other executor, a question arose whether the wife could exercise the power.

On further consideration I conclude that she has not the power of sale. It is not a question of whether powers given to executors as such or in trust survive to the surviving executor either at common law or under our statute. For the power to sell was not given to the executors as such, nor was the power in its nature one which involved the question of the right of the other executor to sell on his survival of the wife. After the death or marriage of the wife the real estate was devised to the testator's heirs and assigns, and no power of sale at all was vested in Sullivan, the other executor, as survivor. The power given by this will was a special power of sale given to the wife to be exercised by her in conjunction with the other executor, and with no provision for its exercise by the wife alone. Unless it can be exercised under the conditions given the power of sale given to the wife cannot operate. The death of a person whose consent to the execution of a power of sale is required terminates the power. *Peirsol* v. *Roop* (*Vice-Chancellor Grey, 1898*), *56 N. J. Eq.* (*11 Dick.*) *739, 747; 22 Am. & Eng. Encycl. L.* (*2d ed.*) *1122.*

The wife has made a contract of sale which so far as its terms are concerned seems to be a benefit to the estate, but inasmuch as the power to sell has been brought in question by one of the heirs to whom the estate in remainder is devised, the decision of this court as to the power to sell is sought by the wife on this bill filed by her individually and as executor.

In my judgment, she has not the power of sale under the will.